UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN GAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00318-JRS-KMB |
| | ) | |
| SUNNY SUNNY, | ) | |
| NIAZI GOODS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION FOR EXTENSION OF TIME

This case involves a truck accident where both liability and Plaintiff's damages are disputed. Presently pending before the Court is a Motion filed by Plaintiff in which he asks the Court to extend certain deadlines, including the expert disclosure deadlines that have already passed. [Dkt. 43.] Plaintiff contends that he has met the burden necessary to extend these deadlines because he obtained new counsel, there are additional fact and expert depositions that need to be taken, and he needs to obtain additional experts—specifically, an accident reconstructionist, as well as experts related to neurosurgery, physical medicine & rehabilitation, psychiatry, vocational rehabilitation, and economics. [*Id.*]

Defendants object to the pending Motion because it allegedly "seeks a sweeping reset" of the case management plan deadlines. [Dkt. 44 at 2.] Defendants contend that "Plaintiff should not be permitted, after expert deadlines have expired and discovery is nearing its close, to add an accident reconstructionist and additional experts in neurosurgery, physical medicine and rehabilitation, psychiatry, vocational rehabilitation, and economics simply because new counsel entered the case and wants to revise the litigation strategy." [*Id.*] Defendants argue that completely

resetting the expert discovery schedule would prejudice them, as they have already prepared their defense strategy with the current deadlines in place. [*Id.* at 6-7.]

Plaintiff filed a reply brief, pointing out again that new counsel appeared for him on May 2, 2026, and the pending motion was filed on June 15, 2026. [Dkt. 45.] Plaintiff contends that this shows the good cause and excusable neglect necessary to get the deadline extensions he seeks, further emphasizing that if he is allowed to disclose additional experts, he has no objection to Defendants being allowed to do the same in response. [*Id.*]

The current case management plan deadlines at issue and the proposed deadlines Plaintiff asks the Court to impose are set forth below:

|  | **Current Deadline** | **Plaintiff's Proposed Deadline** |
|---|---|---|
| **Plaintiff's Expert Disclosure Deadline** | February 18, 2026 | September 11, 2026 |
| **Defendants' Expert Disclosure Deadline** | March 20, 2026 | October 12, 2026 |
| **Final Witness & Exhibit Lists** | April 20, 2026 | November 11, 2026 |
| **All Discovery Deadline** | June 18, 2026 | January 11, 2027 |
| ***Daubert* Motions** | 120 Days Prior to Trial | 120 Days Prior to Trial |
| **Final Pretrial Conference** | September 10, 2026 | Rescheduled to Date Set by Court |
| **Trial Date** | September 28, 2026 | Rescheduled to Date Set by Court |

Plaintiff filed the pending Motion on June 15, 2026, which is *before* the discovery deadline in this case expired but *after* the expert disclosure deadlines had already passed. Federal Rule of Civil Procedure 6(b) provides that a court may, "for good cause," extend a deadline if the motion is filed before the deadline passes. "If a filing deadline passes, Federal Rule of Civil Procedure 6(b) provides that district courts may, for good cause, grant a post-hoc motion for leave to file if the moving party 'failed to act because of excusable neglect.'" *Christensen v. Weiss*, 145 F.4th 743,

755 (7th Cir. 2025) (quoting Fed. R. Civ. P. 6(b)(1)(B)).  The excusable-neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  "To determine whether a stated reason qualifies as 'excusable neglect,' the Supreme Court has articulated the following considerations: '[1] the danger of prejudice to the [non-moving party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *Christensen*, 145 F.4th at 755 (quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

The Court will first address Plaintiff's request for a new expert disclosure deadline, which was filed after those deadlines passed and for which he must show excusable neglect.  Plaintiff's current expert disclosure deadline was February 18, 2026.  Plaintiff's counsel moved to withdraw from his case on March 17, 2026, and that motion was granted after the Court held a hearing on March 24, 2026.  New counsel for Plaintiff entered his appearance on May 2, 2026.  While the thrust of Plaintiff's request to extend his expert disclosure deadline focuses on the fact that he has new counsel and that his new counsel has acted diligently, the timeline set forth herein shows that the key expert disclosure deadline he seeks to extend had already passed approximately one month before his former counsel withdrew.  The docket confirms that Plaintiff's former counsel was actively engaged in the case at that time, as evidenced by her filing an objection to Defendants' request to extend their expert disclosure deadline.  [*See* dkts. 31 (Defendants' Motion to Extend Expert Disclosure Deadline filed on February 19, 2026); 33 (Plaintiff's response in opposition filed on February 26, 2026); 34 (Court's Order granting Defendants' motion in part issued on March 10, 2026).]  The Court does not find these circumstances to set forth the necessary excusable neglect required for the Court to provide a completely new expert disclosure deadline for Plaintiff.  The

3

Court further finds that the requested extension would unnecessarily delay this case and that Defendants would be prejudiced by the Court resetting Plaintiff's expert disclosure deadline at this stage, given that Defendants have formulated their litigation strategy with the current deadlines and disclosures.   For these reasons, the Court **DENIES** Plaintiff's request to reset the expert disclosure deadlines in this case.

Turning to the general discovery deadline,[1] Plaintiff filed the pending Motion before that deadline expired.   Thus, the Court applies only the good cause standard to its analysis of this request, and Plaintiff need not show excusable neglect.   After reviewing the briefing on this issue, the Court finds that Plaintiff has shown good cause to extend the general discovery deadline in this case by 90 days from the date of this Order, which is **October 5, 2026**.[2]   The Court finds that this extension should be more than sufficient for the Parties to conclude discovery in this case, and it does not anticipate again extending this deadline absent extraordinary circumstances.   Because that extended deadline will impact the current trial date, however, the Court hereby **VACATES**

---

[1] The Parties in this case do not anticipate dispositive motions, [*see* dkt. 12 at 3]; thus, the Court did not and will not set a dispositive motions deadline.  Accordingly, the discovery deadline in this case is a deadline for all discovery, including non-expert/liability discovery, expert discovery, and damages discovery.

[2] While the Court did not extend the expert disclosure deadlines as Plaintiff requested, the Court reminds Plaintiff that to the extent he previously disclosed experts, supplementation of previous reports is permitted and required by Federal Rule of Civil Procedure 26(e).  *See E.C. v. Cmty. Sch. Corp. of E. Hancock Cnty.*, 2021 WL 12310135, at *2 (S.D. Ind. Aug. 4, 2021) ("Under Fed. R. Civ. P. 26(e), a litigant who has made a disclosure under Rule 26(a)—which includes expert disclosures—must timely 'supplement' or correct the disclosure if she learns "that in some material respect the disclosure ... is incomplete or incorrect....").  While Rule 26(e) does not define the word "supplement," in the context of expert reports, caselaw "nearly uniformly holds that when a 'supplemental' expert report served after the disclosure deadline gives new opinions or provides materially new bases for opinions, the new report cannot be characterized as a mere supplement allowed under Rule 26(e)."  *Id.*  Put more simply, "an expert cannot use a Rule 26(e) supplement to avoid expert disclosure deadlines or otherwise sandbag the opponent."  *Id.* (collecting cases).

the final pretrial conference and trial dates, which will be reset by the District Judge at a time deemed appropriate by the District Judge.

In conclusion, for the reasons set forth herein, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion asking that certain case management plan deadlines be reset or extended in this case. [Dkt. 43.] The Court **DENIES** Plaintiff's request to reset the expert disclosure deadlines, as Plaintiff has not met the requisite standard needed to do so. The Court **GRANTS** Plaintiff's request to reset the discovery deadline, such that all discovery in this case must be completed **by October 5, 2026**. **The Court does not anticipate again extending this deadline absent extraordinary circumstances.** Because that extended discovery deadline will impact the current trial date, however, the Court hereby **VACATES** the final pretrial conference and trial date, which will be reset by the District Judge at a time deemed appropriate by the District Judge. The applicable deadlines in this case are now as follows, and any deadlines not reset by this Order or a prior Order remain unchanged:

|  | **Current Deadline** | **New Deadline** |
|---|---|---|
| **Plaintiff's Expert Disclosure Deadline** | February 18, 2026 | **Unchanged** |
| **Defendants' Expert Disclosure Deadline** | March 20, 2026 | **Unchanged** |
| **Final Witness & Exhibit Lists** | April 20, 2026 | **September 1, 2026** |
| **All Discovery Deadline** | June 18, 2026 | **October 5, 2026** |
| **Statement of Claims or Defenses** | December 26, 2026 | **October 12, 2026** |
| ***Daubert* Motions** | 120 Days Prior to Trial | **120 Days Prior to Trial** |
| **Final Pretrial Conference** | September 10, 2026 | **To be Rescheduled by District Judge** |
| **Trial Date** | September 28, 2026 | **To be Rescheduled by District Judge** |

    **SO ORDERED.**

Date: 7/7/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Registered Counsel of Record via Court's CM/ECF System